# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JUNIUS CHEW-HARRIS, | ) |
| | ) |
| Plaintiff, | ) Case No. 17-cv-4958 |
| | ) |
| v. | ) Judge Sharon Johnson Coleman |
| | ) |
| THOMAS DART, Sheriff of Cook County, CORRECTIONAL OFFICER ROSALES (Star 17653), and COOK COUNTY, ILLINOIS, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Defendants' motion to dismiss for failure to state a claim [13] is granted, and this case is therefore dismissed without prejudice. The Court grants Chew-Harris 30 days in which to file a motion for leave to amend the complaint. If such a motion is not timely filed, the dismissal will automatically convert to one with prejudice.

**STATEMENT**

The plaintiff, Junius Chew-Harris, was injured as a result of an attack by fellow inmates. Chew-Harris alleges that he warned his tier officer that he had been threatened and requested a transfer to another living unit. The tier officer, Rosales, disregarded that request, and on the next day Chew-Harris was attacked and injured. Chew-Harris further alleges that the Sheriff failed to preserve video footage from the day prior to the attack that would have shown him being threatened by fellow inmates, failed to take action to discipline Rosales, and exonerated the inmates who attacked him.

Chew-Harris alleges the existence of a policy or practice supporting employees who violate the constitutional rights of inmates. This policy or practice, Chew-Harris alleges, consists of (1)

1

shielding employees from contemporaneous discipline by referring all misconduct allegations to OPR, which conducts delayed and lengthy investigations; (2) failing to conduct recorded interviews with employees involved in misconduct; and (3) modifying the grievance procedure to make it more difficult for inmates to exhaust their administrative remedies, thus insulating employees from civil lawsuits.

In order to establish liability against a government entity under section 1983, a plaintiff must allege that the purported constitutional violation occurred as the result of an official policy, custom, or practice. *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 692, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Here, Chew-Harris has not alleged with adequate specificity how the injury in this case resulted from the policies, practices, or procedures alleged in the complaint. *See Vukadinovich v. McCarthy*, 901 F.2d 1439, 1444 (7th Cir. 1990) (holding that in order to prevail on a failure to investigate *Monell* claim a plaintiff must prove that the deficiency in the investigation actually caused the officer's conduct). Chew-Harris has accordingly failed to state a claim for *Monell* liability at this time. Accordingly, this Court need not address the defendants' arguments concerning the specific policies, practices, or customs alleged, although it may behoove plaintiff to address those arguments should he elect to amend his complaint.

SO ORDERED.

_____
Sharon Johnson Coleman
United States District Court Judge

DATED: December 7, 2017